898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wanda Kay HEARNE; Plaintiff-Appellant,
Michael Shaun Hearne, Plaintiff,
v.
W. Diaz McKENZIE, et al.; Defendants,
Jennings B. Meredith, Individually and as Judge of the
Juvenile Court of Anderson County; Anderson
County (Tennessee), Defendants-Appellees.
 No. 89-5745.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1990.
 
 1
 Before KENNEDY and RYAN, Circuit Judges, and ANN ALDRICH, District Judge.*
 
 ORDER
 
 2
 Wanda Kay Hearne, proceeding pro se, appeals the district court's order awarding litigation expenses to defendants Anderson County Tennessee and Anderson County Judge Jennings B. Meredith. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hearne brought suit under 42 U.S.C. Sec. 1983 alleging that numerous defendants involved in a domestic relations case violated her and her son's constitutional rights. In an order dated November 4, 1987, many of the defendants were dismissed outright by the district court. The remaining defendants were dismissed upon their motion for summary judgment. A panel of this court affirmed the district court's judgment without hearing oral argument. Rule 9, Rules of the Sixth Circuit; Hearne, et al., v. McKenzie, et al., 89-5745 (E.D.Tenn. filed May 17, 1988).
 
 
 4
 Defendants Anderson County Tennessee and Anderson County Judge Jennings B. Meredith moved for an award of litigation expenses pursuant to 42 U.S.C. Sec. 1988 and Rule 11, Fed.R.Civ.P. The district court awarded the defendants litigation expenses dating from the day when the court advised Hearne that monetary damages were not available against Judge Meredith and that all claims prior to September 15, 1986, were barred by the statute of limitations.
 
 
 5
 Upon review, we conclude that 42 U.S.C. Sec. 1988 is applicable under these circumstances, and that an award of attorney's fees pursuant to Rule 11, Fed.R.Civ.P. and Sec. 1988 was proper under the circumstances of this case.
 
 
 6
 The test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances. Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor, 875 F.2d 1224, 1229 (6th Cir.1989). With this standard in mind, our review of the record and briefs leads us to the conclusion that the district court did not abuse its discretion. See Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988); see also Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984) (under the abuse of discretion standard, a reviewing court will not set aside a judgment unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors).
 
 
 7
 Accordingly, for the reasons set forth in the district court's order of May 3, 1989, we hereby affirm the district court's award of Rule 11 sanctions in favor of defendants. Rule 9(b)(5), Rules of the Sixth Circuit.